```
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| ALISHA K. PORTER, | ) |
| | ) Civil Action |
| Plaintiff | ) No. 11-cv-06580 |
| | ) |
| vs. | ) |
| | ) |
| CAROLYN W. COLVIN[1], | ) |
|   Acting Commissioner of the | ) |
|   Social Security Administration | ) |
| | ) |
| Defendant | ) |
| | ) |
| and | ) |
| | ) |
| SOCIAL SECURITY ADMINISTRATION | ) |
| | ) |
| Interested Party | ) |

O R D E R

NOW, this 26th day of March, 2013, upon consideration of the following documents:

(1) Decision of Administrative Law Judge Sharon Zanotto dated December 17, 2010;

(2) Complaint filed October 26, 2011;

(3) Answer filed December 29, 2011;

(4) Plaintiff's Brief and Statement of Issues in Support of Request for Review, which brief and statement of issues was filed February 14, 2012;

(5) Defendant's Response to Request for Review of Plaintiff, which response was filed March 19, 2012;

(6) Plaintiff's Reply Brief filed March 29, 2012;

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted as the defendant in this suit for the former Commissioner, Michael J. Astrue, whom she replaced. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

(7) Report and Recommendation of United States Magistrate Judge David R. Strawbridge filed February 28, 2013;

(8) Plaintiff's Objections to the Report and Recommendation of David R. Strawbridge, United States Magistrate Judge, which objections were filed March 14, 2013;

and after a thorough de novo review of the record in this matter; it appearing that plaintiff's objections to Magistrate Judge Strawbridge's Report and Recommendation are essentially a restatement of the issues raised in Plaintiff's Brief and Statement of Issues in Support of Plaintiff's Request for Review and are without merit; it further appearing after de novo review of this matter that Magistrate Judge Strawbridge's Report and Recommendation correctly determined the legal and factual issues presented,

<u>IT IS ORDERED</u> that Magistrate Judge Strawbridge's Report and Recommendation is approved and adopted.[2]

<u>IT IS FURTHER ORDERED</u> that the decision of the Commissioner is affirmed.

---

[2] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. <u>Jozefick v. Shalala</u>, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations." <u>Brophy v. Halter</u>, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge. <u>Raddatz</u>, <u>supra</u>.

IT IS FURTHER ORDERED that plaintiff's request for review is denied.

IT IS FURTHER ORDERED that plaintiff's alternate motion for remand is denied.

IT IS FURTHER ORDERED that plaintiff's objections to the Report and Recommendation of Magistrate Judge Strawbridge are overruled.[3]

---

[3] As noted above, plaintiff's objections to Magistrate Judge Strawbridge's Report and Recommendation ("R&R") merely restate the underlying claims contained in her request for review. Moreover, upon review of the Report and Recommendation, together with de novo review of the entire record, I conclude that the R&R correctly determines the legal and factual issues raised by plaintiff.

Plaintiff objects to the R&R on three bases. First, plaintiff contends that the Administrative Law Judge's ("ALJ") conclusion that plaintiff can perform work that exists in significant numbers in the national economy, such as final assembler, label pinker, and table worker, was not supported by substantial evidence. Plaintiff contends that Magistrate Judge Strawbridge erred by finding support for this decision in a rationale that was not invoked by the ALJ.

However, the ALJ's decision was supported by substantial evidence and the ALJ provided sufficient explanation for her conclusion that plaintiff was capable of working in such positions. Specifically, the ALJ adequately explained why she did not consider the Global Assessment Functioning ("GAF") score of 49, which Dr. Michael Mosko, Psy.D, assigned to plaintiff, to indicate that plaintiff was unable to work in a competitive environment. Dr. Mosko indicated that plaintiff had only slight limitations based on her mental health impairments. (R.357).

Similarly, the ALJ concluded that the assessment of a GAF of 45 by Dr. Paul Tiger, Psy.D, did not indicate that plaintiff was incapable of performing such work because Dr. Tiger noted that plaintiff had only minimal limitations. (See R.537). Accordingly, the ALJ's conclusion that the GAF score did not reflect plaintiff's actual limitations was supported by substantial evidence.

Additionally, the ALJ was not required to refer to the opinion of Dr. James A. Beshai, Ph.D., who opined that plaintiff was "not a good candidate for vocational rehabilitation." (R.368). However, Dr. Beshai's opinion does not specify the nature of "vocational rehabilitation". Moreover, the ALJ determined that plaintiff was "unable to perform any past relevant work", and found plaintiff ineligible for disability benefits based on her ability to perform "jobs that exist in significant numbers in the national economy. (R.19-20). Therefore, Dr. Beshai's opinion was not probative of whether plaintiff was qualified to receive disability benefits.

(Footnote 2 continued):

IT IS FURTHER ORDERED that judgment is entered in favor of defendant Michael J. Astrue and against plaintiff Alisha K. Porter.

IT IS FURTHER ORDERED that the Clerk of Court shall close this civil action for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 2):

Additionally, the opinion was based on plaintiff's self-reported symptoms, which the ALJ indicated were not reflective of plaintiff's actual limitations. Accordingly, the ALJ's conclusion that plaintiff can perform work that exists in significant numbers in the national economy was supported by substantial evidence.

Next, plaintiff objects to the ALJ's failure to consider plaintiff's obesity in rejecting plaintiff's claim for disability benefits. However, plaintiff never identified obesity as a condition which affected her disability claim. Additionally, while Dr. Tiger's report indicates that plaintiff would benefit from weight loss, he does not diagnose plaintiff as obese or indicate that plaintiff's obesity related to her various impairments (See R. 539). Accordingly, the ALJ did not err by failing to address plaintiff's obesity.

Therefore, the ALJ's failure to address the affect of plaintiff's obesity on her other impairments does not provide a basis for remand. See Rutherford v. Barnhart, 399 F.3d 546, 552-553 (3d Cir. 2005).

Lastly, plaintiff contends that the ALJ failed to consider all of plaintiff's limitations when determining plaintiff's Residual Functional Capacity ("RFC"). Specifically, plaintiff contends that the ALJ failed to properly consider evidence that plaintiff required a cane or crutches, needed to elevate her leg, and was unable to kneel and climb in her RFC assessment.

However, the ALJ was aware of these limitations but found that the medical evidence did not support plaintiff's allegations regarding the "intensity, persistence, and limiting effects of the claimant's impairments." (R.16). This finding was supported by substantial evidence.
For example, the ALJ noted that plaintiff was capable of picking up trash around the room, making her bed, preparing frozen dinners, and shopping for groceries (R.14, 45 and 183-185).

Accordingly, I approve and adopt Magistrate Judge Strawbridge's Report and Recommendation and overrule plaintiff's objections to it.